UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

PENNSYLVANIA MANUFACTURERS        )
ASSOCIATION INSURANCE COMPANY,    )
                                  )
            Plaintiff,            )
                                  )
      v.                          )        No. 1:24-cv-02052-JPH-MG
                                  )
SEVER WALKER PADGITT LLP f/k/a    )
SEVER STOREY, LLP, et al.,        )
                                  )
            Defendants.           )

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

Plaintiff Pennsylvania Manufacturers' Association Insurance Company ("PMA") brought this action seeking declarations that it has no duty to defend or indemnify Defendant Sever Walker Padgitt, LLP (formerly known as Sever Storey, LLP) ("the Firm") under a professional liability insurance policy. PMA alternatively requests that the Court declare the policy rescinded and void because of misrepresentations in the Firm's insurance application. The Firm has moved to dismiss the rescission claim and asks the Court to abstain from deciding the declaratory judgment claims. Dkt. [48]. For the reasons below, that motion is **DENIED.**

**I.**
**Facts and Background**

Because the Firm has moved for dismissal under Rule 12(b)(6), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

1

## A. Factual Background

Tonny Storey and Phil Sever were partners of the law firm Sever Storey, LLP.  Dkt. 38 at 1, 4.  In December 2023, Mr. Storey signed a professional liability insurance application on behalf of the Firm.  *Id.* at 9.  In the application, Mr. Storey answered "no" to the question:

> After inquiry of all law firm members is any attorney in the firm aware of . . . an actual or alleged act, omission, circumstance, or breach of duty that would reasonably be expected to result in a claim being made against the firm, any predecessor law firm, or against any attorney currently or formerly affiliated with the firm or any predecessor law firm, regardless of whether any such claim would be meritorious?

*Id.*  PMA then issued the Firm a professional liability policy covering February 1, 2024, to February 1, 2025.  *Id.*

Three months after the policy was issued, Mr. Storey passed away. *Id.* at 5. During probate proceedings, three entities—L&Q, Huntington, and Oak Meadows—filed claims against the Storey Estate for Mr. Storey's alleged misappropriation of client funds.  *Id.* at 3–9.

L&Q claimed that Mr. Storey failed to transfer it a $1,420,000 award from a condemnation proceeding.  *Id.* at 5.  L&Q demanded payment from the Firm, which sought defense and indemnification from PMA under the policy. *Id.*  PMA disclaimed coverage.  *Id.*

Huntington claimed that it was entitled to a $305,981.93 award from a dispute resolved by the Firm.  *Id.* at 6.  The Firm issued a check to Huntington, but stopped payment when it discovered that Mr. Storey "illegally and fraudulently transferred money from [the IOLTA Account], moved it into the

2

firm's operating account, and then illegally diverted the funds to himself." *Id.* Huntington demanded payment from the Firm, which requested defense and indemnification from PMA. *Id.* PMA disclaimed coverage. *Id.*

Oak Meadows claims that Mr. Storey took $318,800 that it is entitled to in proceeds from a condemnation suit. *Id.* at 9. The Firm requested that PMA provide defense and indemnity under the policy, and PMA disclaimed coverage. *Id.*

### B. Procedural history

PMA brought this case in November 2024, dkt. 1, and five days later, the Firm sued PMA in Hamilton County, Indiana, seeking damages for breach of contract, breach of the duty of good faith and fair dealing, and a declaratory judgment,[1] dkt. 54 at 3.

PMA then filed an amended complaint in this case. Dkt. 38. Counts I, II, and III seek declarations that PMA has no duty to defend or indemnify the Firm for the claims made by L&Q, Huntington, and Oak Meadows. *Id.* at 11–18. Count IV seeks, in the alternative, to rescind the contract because of material misrepresentations PMA relied on when issuing the Policy. *Id.* at 18–19. The Firm filed a motion to dismiss. Dkt. 48.

---

[1] *Phil Sever and Sever Storey, LLP v. Old Republic Lawyers Speciality Insurance, Inc., Pennsylvania Manufacturers' Association Insurance Co., and the Estate of Tonny D. Storey*, Cause No. 29D03-2411-PL-013052 (Hamilton Cty. Sup. Ct. Nov. 25, 2024).

## II.
## Rule 12(b)(6) Standard

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint "must allege enough details about the subject-matter of the case to present a story that holds together," *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021), "but it need not supply the specifics required at the summary judgment stage." *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021).

When ruling on a 12(b)(6) motion, the Court "accept[s] the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley*, 671 F.3d at 616. "It is enough to plead a plausible claim, after which a plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017).

Indiana substantive law governs the rescission claim. *See Webber v. Butner*, 923 F.3d 479, 480–81 (7th Cir. 2019). Absent a controlling decision

4

from the Indiana Supreme Court, the Court does its best to predict how that court would rule on the issues of law. *Mashallah, Inc. v. West Bend Mut. Ins. Co.*, 20 F.4th 311, 319 (7th Cir. 2021). In doing so, the Court may consider decisions from the Indiana Court of Appeals. *See id.*

### III.
### Analysis

#### A. Rescission (Count IV)

As an alternative to the declaratory judgment claims, PMA pleads rescission of the Firm's professional liability policy based on material misrepresentations in the policy application that PMA relied on to issue the policy. Dkt. 38 at 19. The Firm argues that the rescission claim must be dismissed because PMA did not allege that it tendered the premiums back to the Firm, and as a result affirmed the contract. Dkt. 49 at 13. PMA responds that at the pleading stage it is allowed to seek alternative remedies and is not required to plead that it had returned the premiums paid under the policy. Dkt. 54 at 6. PMA further argues that it is not required to decide whether it will proceed on the rescission claim until it has had the opportunity to learn the operative facts through discovery so that it can make an informed decision about election of remedies. *Id.* at 9.

Rescission of a contract "may be granted unilaterally because of fraud, illegality, mutual mistake or a contract provision providing for rescission." *Deckard v. Gen. Motors Corp.*, 307 F.3d 556, 561 (7th Cir. 2002) (reciting Indiana law). In the insurance context, "[t]he right to void coverage due to

fraud in the making of the policy is well established." *Colonial Penn Ins. Co. v. Guzorek*, 690 N.E.2d 664, 672 (Ind. 1997). "Accordingly, a material misrepresentation or omission of fact in an insurance application, relied on by the insurer in issuing the policy, renders the coverage voidable at the insurance company's option." *Id.*

If an insurance company rescinds a policy for fraud, it "must first offer to return the premiums it has collected from the insured within a reasonable time after the discovery" of the fraud. *Dodd v. Am. Mut. Ins. Co.*, 983 N.E.2d 568, 570 (Ind. 2013) ("Failure to offer such return of premiums . . . constitutes a waiver of the alleged fraud."). PMA concedes that if it elects to rescind, it must return the premiums within a reasonable period of time after learning of the facts supporting rescission. Dkt. 54 at 6. PMA argues, however, that it does not have to elect remedies until it has learned enough facts to make an informed decision. *Id.* Whether the insurer acts "within a reasonable time is ordinarily a question of fact" unless the facts are "undisputed or admitted." *See Griffin v. Axsom*, 525 N.E.2d 346, 347–48 (Ind. Ct. App. 1988). "The determination of whether a delay in seeking rescission results in waiver depends on whether the delay was long enough to result in prejudice to the other party." *A.J.'s Automotive Sales, Inc. v. Freet*, 725 N.E.2d 955, 968 (Ind. Ct. App. 2000).

Here, the Firm does not contest that PMA has pleaded a plausible claim for rescission. *See Ashcroft*, 556 U.S. at 678. That does not mean, however, that the "the facts have been ascertained" so that timeliness "becomes a

question of law." *A.J.'s Automotive Sales*, 725 N.E.2d at 968. Instead, a complaint "need not supply the specifics required at the summary judgment stage." *See Graham*, 8 F.4th at 627. At this pleadings stage, the complaint does not establish all the facts relevant to when PMA learned of the alleged fraud and whether the Firm has been prejudiced. *See Griffin*, 525 N.E.2d at 347 ("A party who seeks the aid of the court to compel the rescission of a contract must show that he has exercised at least reasonable diligence in ascertaining the facts if readily within his power, and has been prompt in seeking his remedy within a reasonable time after the facts are discovered."). This is therefore a case when it "is enough to plead a plausible claim" and a "full description of the facts . . . comes later, at the summary-judgment stage" or at trial. *Chapman*, 875 F.3d at 848; *see ProAssurance Indem. Co. v. Wagoner*, No. 1:15-cv-1389-JMS-MPB, 2017 WL 3421983 at *8 (S.D. Ind. Aug. 9, 2017) (denying summary judgment because there was an issue of fact about how long the insurer waited before seeking rescission).

The Firm resists this conclusion, arguing that under *Allianz Insurance Company v. Guidant Corporation*, an insurance company must tender the premiums before filing a suit seeking rescission. Dkt. 49 at 14 (relying on 884 N.E.2d 405 (Ind. Ct. App. 2008)). But *Allianz* held only that an insurer could not reassert rescission after it "affirmed the contract" by withdrawing its rescission argument and retaining the premiums. 884 N.E.2d at 415; *accord Dodd*, 983 N.E.2d at 570. PMA has not withdrawn its rescission claim here. The other case that the Firm relies on, *Prudential Insurance Company v. Smith*,

held that returning premiums "after entry of judgment was too late"—not that the premiums must be returned before filing suit. *Gary Nat. Bank v. Crown Life Ins. Co.*, 392 N.E.2d 1180, 1182 (Ind. Ct. App. 1979) (explaining *Prudential*, 108 N.E.2d 61, 65 (Ind. 1952)). So while PMA will be required to "elect between [its] remedies," *Allianz*, 884 F.2d at 414, that is not required at this pleadings stage, Fed. R. Civ. P. 8(a)(3) (A demand for relief "may include relief in the alternative."); *see Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 886–87 (7th Cir. 2022).

The Firm's motion to dismiss the rescission claim is therefore **DENIED**.

### B. *Wilton/Brillhart* **abstention**

The Firm argues that, after the rescission claim is dismissed, the Court should abstain from deciding PMA's declaratory judgment claims under the *Wilton/Brillhart* abstention doctrine because of the parties' pending state court proceeding. Dkt. 49 at 19. PMA responds that the Court should not abstain because the state court proceeding does not include the rescission claim, which is independent of the declaratory judgment claims. Dkt. 54 at 14.

The *Wilton/Brillhart* abstention doctrine gives district courts "significant discretion to dismiss or stay claims seeking declaratory relief, even though they have subject matter jurisdiction over such claims." *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986–87 (7th Cir. 2010). The doctrine is based on the "discretionary nature" of the Declaratory Judgment Act, "which provides that district courts '*may* declare the rights and other legal relations of any interested party seeking such declaration.'" *Id.* (citing 28 U.S.C. §§ 2201–

8

2202).  One situation when "[t]he *Wilton/Brillhart* abstention doctrine appropriately applies" is "a diversity case where a declaratory judgment is sought and a parallel state proceeding also exists."  *Id.*

But even when federal and state proceedings are "parallel," *Wilton/Brillhart* "does not apply" if the federal suit contains claims seeking both declaratory relief and non-declaratory relief that is "independent of the declaratory claim."  *R.R. Street & Co., Inc. v. Vulcan Materials Co.*, 569 F.3d 711, 716 (7th Cir. 2009) (assuming that the actions were parallel but reversing *Wilton/Brillhart* abstention).[2]

The Firm's *Wilton/Brillhart* argument assumes the dismissal of PMA's rescission claim, so the Firm does not address whether the rescission claim is independent and therefore makes abstention improper.  *See* dkt. 49 at 18–24 ("Because PMA's rescission count should be dismissed with prejudice, there are no such distinct issues that will remain in this action."); dkt. 55 at 9 ("Absent a viable rescission claim, PMA cannot contest the applicability of the *Wilton/Brillhart* abstention doctrine on grounds that this proceeding involves a claim that is not at issue in the parallel [state action].").  Any argument that the rescission claim is not independent of the declaratory judgment claims is therefore forfeited.  *See Seats v. Nurse*, 152 F.4th 874, 881–82 (7th Cir. 2025).

---

[2] When non-declaratory claims are independent, the *Colorado River* abstention doctrine may still apply in "exceptional circumstances," but the Firm does not argue that *Colorado River* may apply or that exceptional circumstances are present here. *See Vulcan Materials*, 569 F.3d at 716–17.

9

Regardless, the rescission claim is "independent of the declaratory claim[s]" because it "would continue to exist if the request for a declaration simply dropped from the case." *Vulcan Materials*, 569 F.3d at 716 n.6. That test for a claim's independence is satisfied when the claim has its own basis for federal jurisdiction and "its viability is not wholly dependent upon the success of the declaratory claim." *Id.* Here, the Court would still have jurisdiction if the rescission claim were the only claim alleged. *See* dkt. 7; dkt. 26; dkt. 38 at 2–3. And the rescission claim's viability does not depend on how the declaratory judgment claims are resolved—whether the policy would cover the L&Q, Huntington, and Oak Meadows claims does not affect whether PMA is entitled to rescission based on material misrepresentations in the application. *See Colonial Penn Ins. Co.*, 690 N.E.2d at 672 (explaining when an insurer may rescind a policy for fraud); *Ill. Ins. Co. v. Altimate Delivery Service, Inc.*, No. 20-cv-00061, 2021 WL 12301698 at *3 (N.D. Ill. Jan. 29, 2021) (declining to abstain under *Wilton/Brillhart* on similar facts because the rescission claim was independent of declaratory claims).

Because the rescission claim is independent from the declaratory claims, the *Wilton/Brillhart* doctrine "does not apply." *Vulcan Materials*, 569 F.3d at 717. The Firm's motion for the Court to abstain is therefore **DENIED**.

## IV.
## Conclusion

The Firm's motion to dismiss is **DENIED**. Dkt. [48].

**SO ORDERED.**

Date: 3/19/2026

James Patrick Hanlon
United States District Judge
Southern District of Indiana

10

Distribution:

All electronically registered counsel